UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES PATRICK WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-350-SEB-TAB |
| | ) | |
| JOHN DOWD, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion to Dismiss and Directing Further Proceedings**

In February of 2012, plaintiff Charles White, the former Secretary of State of Indiana, was convicted of procuring or submitting a false/fictitious/fraudulent voter registration application, voting outside precinct of residence, procuring/casting/tabulating a false/fictitious/fraudulent ballot, theft, and two counts of perjury. He was also charged with fraud on a financial institution, but was found not guilty of that charge. In his complaint filed on March 4, 2013, he raises several federal and state law claims with respect to that prosecution. He names the following defendants: the State of Indiana, the Indiana State Police, Special Prosecutors John Dowd and Daniel J. Sigler, Jr., Prosecutors Daniel J. Sigler, Sr., Sonia Leerkamp, D. Lee Buckingham, III, and Jeffrey Wehmueller, and Indiana State Police Detective Paul Hansard.

White asserts the following claims: Claim I – violation of his right to equal protection against defendants Dowd, Sigler, Jr., Sigler, and Hansard; Claim II – malicious prosecution regarding indictment for fraud against a financial institution against defendants Dowd, Sigler, Jr., Sigler, and Hansard; Claim III – intentional infliction of emotional distress against defendants Dowd, Sigler, Sigler, Jr., and Hansard; Claim IV – conspiracy in violation of 42 U.S.C. § 1986 against defendant Buckingham; Claim V – violation of his First Amendment rights against

defendant Leerkamp; and Claim VI – conspiracy to violate 42 U.S.C. § 1985 against defendants Leerkamp, Wehmueller, Dowd, Sigler, Sr., Sigler, Jr., and Hansard. The defendants move to dismiss each of White's claims. For the reasons set forth in this Entry, the defendants' motion to dismiss [Dkt. No. 15] is **granted in part and denied in part**.

## I. Standard of Review

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule

12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Discussion

The defendants move to dismiss White's claims, arguing, among other things, (1) that claims against the State of Indiana, the Indiana State Police, and the individual defendants in their official capacities must be dismissed based on their Eleventh Amendment immunity; (2) White's claims are barred by the doctrine recognized in *Heck v. Humphrey*; (3) the prosecutor defendants are entitled to absolute immunity from White's claims; and (4) White fails to state a claim for conspiracy and intentional infliction of emotional distress.

A. *Official Capacity Claims*

The defendants first argue that White's claims against the State of Indiana, the Indiana State Police, and the defendants in their official capacities must be dismissed as barred by the Eleventh Amendment.

It is well settled that absent the State's consent, the Eleventh Amendment bars suits by private parties against States and their agencies. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The State of Indiana has not so consented. *Elliott v. Hinds,* 573 F.Supp. 571, 575 (N.D. Ind. 1983). *See also* Ind. Code §§ 34-13-3-5(f)(1) and (2), 34-13-4-3.

An official capacity claim is effectively a suit against the governmental entity employing the defendant. *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992). In this case, therefore, an

official capacity claim against the defendant individuals as employees of the State of Indiana would in essence be against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment). Accordingly, the claims against the State of Indiana, Indiana State Police, and the individual defendants in their official capacities are each **dismissed**.

B. *Heck v. Humphrey*

The defendants next argue that all of White's claims are barred by the doctrine recognized in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* White's convictions have not been reversed or otherwise declared invalid. His state court petition for post-conviction relief was denied. *State v. White*, 29D02-1302-PC-002053 (Dec. 23, 2013). Accordingly, *Heck* bars each of White's claims that would call into question to the charges on which he was convicted. Those claims must therefore be **dismissed without prejudice** to the extent they are based specifically on the charges, investigation, and prosecution against him for procuring or submitting a false/fictitious/fraudulent voter registration application, voting outside precinct of residence, procuring/casting/tabulating a false/fictitious/fraudulent ballot, theft, and two counts of perjury.

*See Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995) (dismissal of *Heck*-barred claims is without prejudice).

White was acquitted of the charge of fraud against a financial institution. *Heck* therefore does not apply to claims based on that charge. *See Harper v. Mega,* 1998 WL 473427 (N.D. Ill. Aug. 7, 1998) (finding *Heck* inapplicable to a claim for false arrest where the plaintiff was convicted of resisting arrest but not the underlying charges that led to the arrest). Accordingly, the motion to dismiss must be **denied** as to White's claims that relate to the charges and prosecution for fraud against a financial institution.

C. *Claims Against the Prosecutors*

Defendants Dowd, Sigler, Sr., Sigler, Jr., Leerkamp, Buckingham, and Wehmueller (the "prosecutor defendants") argue that they are entitled to absolute immunity from each of White's claims against them.

In *Imbler v. Pachtman,* 424 U.S. 409 (1976), the Supreme Court held that prosecutors are absolutely immune from liability in suits challenging their decision to initiate criminal prosecutions as well as suits challenging their decisions concerning the conduct of trial and the presentation of evidence. Whether a prosecutor is entitled to absolute immunity "hinges on whether the prosecutor is, at the time, acting as an officer of the court, as well as on his action's relatedness to the judicial phase of the criminal process." *Fields v. Wharrie,* 672 F.3d 505, 510 (7th Cir. 2012). Prosecutorial immunity "extends beyond an individual prosecutor's decision to indict or try a case." *Id.* (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344–48 (2009)). It protects the "functioning of the public office" and so "encompasses any action directly relevant to a prosecutor's ability to conduct a trial." *Id.* But when a prosecutor is functioning like a detective, "searching for the clues and corroboration that might give him probable cause to

recommend that a suspect be arrested," then the prosecutor is acting as a detective and is not entitled to greater immunity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 276 (1993). "In other words, '[w]hen the functions of prosecutors and detectives are the same . . . the immunity that protects them is also the same.'" *Lewis v. Mills,* 677 F.3d 324, 330 (7th Cir. 2012) (quoting *Buckley,* 509 U.S. at 276)).

Most of White's allegations against these defendants relate directly to their actions in charging and prosecuting him. For example, White asserts:

> On many occasions Defendant Daniel Sigler gave personal unsworn witness testimony himself on matters of fact while witnesses were on the stand. Amended Complaint Paragraph 39.

> While the Defendants Dowd, Sigler, Sr. and Sigler, Jr. claim they allowed for the Plaintiff's witnesses to testify but do not want to talk about what they did to them, how their [sic] were cut off and treated with incredible disrespect. Amended Complaint Paragraph 43.

To the extent that White's claims against the prosecutor defendants are based on the decision to charge and prosecute him and any actions taken before the grand jury or during the trial, the prosecutors are immune from suit for those claims and the motion must be **granted**. *See Bianchi v. McQueen*, 917 F. Supp. 2d 822, 832 (N.D. Ill. 2013) (quoting *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006)) ("A *Bivens* (or 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute.").

White also alleges, however, that these defendants violated his rights by deviating from the common practice in selecting investigators and by controlling the investigation. Prosecutors are not entitled to absolute immunity from claims based on their conduct in investigating crime. *See Buckley,* 509 U.S. at 276. Therefore, the motion to dismiss must be **denied** to the extent that White's claims are based on the prosecutor defendants' participation in the investigation of the charge of fraud against a financial institution. We offer no view as to the merits of these claims.

D. *White's Conspiracy Claims*

The defendants argue that Claim IV for conspiracy in violation of 42 U.S.C. § 1985 against defendant Buckingham and Claim VI for conspiracy in violation of 42 U.S.C. § 1986 against defendants Leerkamp, Wehmueller, Dowd, Sigler, Sr., Sigler Jr., and Hansard must be dismissed. First they argue that White's claims must be dismissed because there is no allegation that the conspiracy resulted in the deprivation of a constitutional right. *See Cefalu v. Village of Elk Grove*, 311 F.3d 416, 423 (7th Cir. 2000) (explaining that there is no independent basis of liability for conspiracy in §1983 actions). But White does allege the deprivation of a constitutional right when he asserts a "class of one" claim under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The defendants further argue that White's conspiracy claims must be dismissed under the intra-corporate conspiracy doctrine which provides that a conspiracy cannot exist between members of the same entity. *See Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999). But White alleges a far-reaching conspiracy which involved not only the prosecutor defendants and Detective Hansard, but also members of the State Police, County Commissioners, and others. At this stage of the proceedings, the Court cannot find that White failed to state a claim for conspiracy to violate his rights. The motion to dismiss must therefore be **denied** as to the two conspiracy claims.

E. *White's Intentional Infliction of Emotional Distress Claims*

The defendants finally argue that White has failed to state a claim upon which relief can be granted for intentional infliction of emotional distress. "To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant: (1) intentionally or recklessly (2) engaged in 'extreme and outrageous' conduct that (3) caused (4) severe emotional

distress." *Carrel v. George Weston Bakeries Distribution, Inc.*, 1:05-CV-01769-SEBJPG, 2006 WL 1005041 (S.D. Ind. Apr. 13, 2006) (citing *Doe v. Methodist Hospital,* 690 N.E.2d 681, 691 (Ind. 1997)). Indiana requires conduct that is so extreme that it "go[es] beyond all possible bounds of decency." *Bradley v. Hall*, 720 N.E.2d 747, 752-53 (Ind. Ct. App. 1999). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id*. Here, White has not alleged conduct that "goes beyond all possible bounds of decency." He was charged on seven counts and convicted of six of them. His allegations are based on the investigation of these crimes. These are not circumstances under which a reasonable fact finder would conclude that the defendants engaged in "extreme and outrageous" conduct. Accordingly, White's claim of intentional infliction of emotional distress must be **dismissed**.

### III. Conclusion and Further Proceedings

The defendants' motion to dismiss [Dkt. No. 15] is **granted in part and denied in part.** The motion is **granted** to the following extent: The claims against the State of Indiana, the Indiana State Police, and the individual defendants in their official capacities are **dismissed** based on Eleventh Amendment immunity. All claims dependent on the investigation of White for procuring or submitting a false/fictitious/fraudulent voter registration application, voting outside precinct of residence, procuring/casting/tabulating a false/fictitious/fraudulent ballot, theft, and two counts of perjury are **dismissed** without prejudice. The claims against the prosecutor defendants based on their decision to charge and prosecute White for fraud against a financial institution and their conduct at trial are **dismissed** based on absolute immunity. White's claim for intentional infliction of emotional distress is **dismissed.**

The motion to dismiss is **denied** as to White's claims, other than the claim for intentional infliction of emotional distress, that relate directly to the investigation of the charge of fraud against a financial institution.

White shall have **through May 2, 2014**, in which to file a Second Amended Complaint based solely on the remaining claims.

In submitting a second amended complaint, he shall conform to the following guidelines:

- The second amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The second amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The second amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If a second amended complaint is filed as directed, the defendants shall have **thirty days** in which to answer or file a responsive pleading. If no second amended complaint is filed as directed above, the action will be dismissed in its entirety.

**IT IS SO ORDERED.**

Date: 03/28/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles Patrick White
13086 Overview Drive
Fishers, IN 46037

All electronically registered counsel