# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| CHARLES PATRICK WHITE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 1:13-cv-350-SEB-TAB |
| JOHN DOWD, et. al., | ) | |
| Defendants. | ) | |

## Entry Granting Motion to Dismiss

In February of 2012, plaintiff Charles White, the former Secretary of State of Indiana, was convicted of procuring or submitting a false/fictitious/fraudulent voter registration application, voting outside precinct of residence, procuring/casting/tabulating a false/fictitious/fraudulent ballot, theft, and two counts of perjury. He was also charged with fraud on a financial institution, but was found not guilty of that charge. In his complaint filed on March 4, 2013, he raised several federal and state law claims with respect to that prosecution. The Court previously dismissed all claims except for those related directly to the investigation of the charge against Mr. White upon which he was found not guilty, the fraud against a financial institution charge. Mr. White was directed to file a second amended complaint based solely on the remaining claims. Mr. White has done so and the defendants have moved to dismiss the second amended complaint. For the reasons stated below, the motion to dismiss [dkt 32] is **granted**.

### I. Motion to Dismiss Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural

sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

## II. Discussion

A. *Equal Protection*

In Claim I, Mr. White alleges that defendants Dowd, Daniel Sigler, DJ Sigler, and Hansard violated his rights under the Equal Protection Clause of the Fourteenth Amendment. He

asserts a "class of one" claim, alleging that he was prosecuted when others similarly situated were not. The defendants argue that a class-of-one claim cannot be based the discretionary governmental activity of prosecuting him.

Unlike a traditional equal protection claim, which alleges that the plaintiffs "have been arbitrarily classified as members of an identifiable group," a class-of-one claim "asserts that an individual has been irrationally singled out, without regard for any group affiliation, for discriminatory treatment." *United States v. Moore,* 543 F.3d 891, 896 (7th Cir. 2008) (internal quotation marks omitted). That is the plaintiff's claim here – that he was irrationally singled out for prosecution. But courts have held that class-of one claims are not applicable to governmental action that is the product of a highly discretionary decision-making process. *Id.* at 898-99. The Supreme Court explained in *Engquist v. Oregon Department of Agriculture*:

> There are some forms of state action ... which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

553 U.S. 591, 603 (2008). This reasoning was applied to the class-of-one claim based on criminal prosecutions in *United States v. Moore*, 543 F.3d 891, 899-900 (7th Cir. 2008). In that case, a criminal defendant appealing his conviction argued that his equal protection rights were violated when he was treated differently than similarly situated criminal defendants. The court explained the difficulties inherent in mounting a challenge to the exercise of prosecutorial discretion:

> in the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests

entirely in his discretion." Of course, this broad discretion is subject to constitutional restraints, and cannot be based upon invidious criteria such as race or religion. But an exercise of prosecutorial discretion cannot be successfully challenged merely on the ground that it is irrational or arbitrary; in the realm of prosecutorial charging decisions, only invidious discrimination is forbidden.

*Id.* Because Moore's equal protection challenge was premised on irrationality, not invidious discrimination, it was rejected. *Id.* at 900.

Mr. White's equal protection claim suffers from the same deficiencies. He alleges no invidious discrimination on the part of the defendants, but alleges only that he was prosecuted while others in similar circumstances were not. Recognizing the obstacles to such a claim, Mr. White argues that his equal protection claim is not based solely on his prosecution, but is also based on the pre-charge investigatory phase of the prosecution against him. But the reasoning that prevents a class-of-one claim based on the decision to prosecute someone based on the discretion inherent in such decisions applies equally to investigative decisions. *See Flowers v. City of Minneapolis,* 558 F.3d 794, 799–800 (8th Cir. 2009) ("while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one equal protection claim"). A different result might be required if the plaintiff alleged that he suffered some other type of constitutional injury during the course of the investigation, such as invidious discrimination, unreasonable searches or seizures, or unlawful arrest. But Mr. White makes no such allegation of wrongdoing in his complaint.

Mr. White's class-of-one claim is based merely on the fact that he was investigated and prosecuted for fraud against a financial institution while others were not. This claim fails to state a claim upon which relief can be granted and is therefore **dismissed**.

B. *Intentional Infliction of Emotional Distress*

Mr. White next alleges a claim for intentional infliction of emotional distress based on his indictment and prosecution for fraud against a financial institution. To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant: (1) intentionally or recklessly (2) engaged in 'extreme and outrageous' conduct that (3) caused (4) severe emotional distress. *Doe v. Methodist Hospital,* 690 N.E.2d 681, 691 (Ind. 1997)). Indiana requires conduct that is so extreme that it "go[es] beyond all possible bounds of decency." *Bradley v. Hall*, 720 N.E.2d 747, 752-53 (Ind. Ct. App. 1999). "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* Here, Mr. White has not alleged conduct that "goes beyond all possible bounds of decency." His allegations are based on the investigation of these crimes. These are not circumstances under which a reasonable fact finder would conclude that the defendants engaged in "extreme and outrageous" conduct. Accordingly, Mr. White's claim of intentional infliction of emotional distress must be **dismissed**.

C. *Conspiracy*

Mr. White finally alleges claims that defendants Leerkamp and Wehmeuller conspired to violate his civil rights under 42 U.S.C. § 1985 and defendant Buckingham failed to prevent this conspiracy in violation of 42 U.S.C. § 1986.

Because the Court has found that Mr. White has failed to adequately allege a violation of his federally secured rights, he cannot state a claim for conspiracy to violate his civil rights under Sections 1985 or 1986. Section 1985(3) provides no substantive rights in itself, but rather provides a remedy for any violation of the rights that it designates. *See Great American Federal Savings and Loan Association v. Novotny,* 442 U.S. 366, 372, 376 (1979). Further, the

conspiracy claim adds nothing because all of the defendants "are state actors, and thus amenable to suit under 42 U.S.C. § 1983, by virtue of their offices." *Logan v. Wilkins,* 644 F.3d 577, 583 (7th Cir. 2011) (*citing Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Finally, the plaintiff does not allege the type of "invidiously discriminatory" racial or class-based animus required for a § 1985(3) conspiracy. *See Snyder v. Smith*, No. 1:13-CV-00576-SEB, 2014 WL 1153142 (S.D. Ind. Mar. 14, 2014) (citing cases). For these reasons, the plaintiff has failed to state a claim for conspiracy to violate his civil rights and those claims must be **dismissed**.

### III. Conclusion

For the foregoing reasons, the defendants' motion to dismiss [dkt 32] is **granted**. This ruling and the ruling in the Entry of March 28, 2014 resolve all claims against all defendants. Judgment consistent with these Entries shall now issue.

**IT IS SO ORDERED.**

Date: 2/3/2015

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles Patrick White
13086 Overview Drive
Fishers, IN 46037

All electronically registered counsel